**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KIMBERLY DOTEN,**

       **Plaintiff,**

**v.**                                            **Case No:  6:12-cv-825-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

## MEMORANDUM OF DECISION

Kimberly Doten (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to identify good cause, supported by substantial evidence, for giving little weight to the opinion of Claimant's treating physician, Dr. Khan; 2) giving "minimal weight" to the opinions of the non-examining physicians' residual functional capacity assessments ("RFC") while failing to discuss their opinions that it would take up to a year for Claimant to perform their proposed RFC; and 3) making a credibility determination that is not supported by substantial evidence. Doc. No. 19 at 7-13. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

I.    **ANALYSIS.**

   **A.  Dr. Khan.**

Claimant maintains that the ALJ' reasons for giving little weight to the opinion of Dr. Khan is not supported by substantial evidence. Doc. No. 19 at 10-11. The Commissioner asserts that the ALJ did not err with respect to Dr. Khan's opinion because "Dr. Khan's opinion . . . is not entitled to any significant weight because whether an individual is disabled is an issue reserved to the Commissioner." Doc. No. 20 at 9. The Commissioner also asserts that the ALJ's stated reasons for giving Dr. Khan's opinion little weight constitute good cause and are supported by substantial evidence. Doc. No. 20 at 10-11.

The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The Court may not reweigh the evidence or decide the facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state

with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005).[1] Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").

---

[1] In the Eleventh Circuit, unpublished decisions are not binding but are persuasive authority.

It is not uncommon for this Court to be presented with generalized statements from an ALJ that a treating physician's opinion, which contains limitations beyond those found by the ALJ, is inconsistent with their own treatment notes, unsupported by the record as a whole, or fails to document the type of findings one would expect if the claimant were disabled.  The Court has routinely rejected such generalized statements as conclusory and insufficient to meet the obligation to establish good cause for giving a treating physician's opinion less than substantial or considerable weight, as well as the obligation to <u>state with particularity the weight given to the physician's opinion and the reasons therefor</u>.  *Winschel*, 631 F.3d 1178-79.  When such generalized statements are unaccompanied by more specific statements and supporting record citations, the Court is unable to find that substantial weight supports the ALJ's decision.  *See Id.*

Claimant alleges an onset of disability date as of March 31, 2009.  R. 31.  On that date, Claimant was admitted to the hospital by Dr. Vajihuddin A. Khan, her primary treating physician.  R. 240-42, 361-78.  Upon admission, Drs. Khan and Lisa F. Minton diagnosed Claimant with: septic shock and acute abdomen with intra-abdominal abscess; abdominal abscess due to diverticulitis; cholestatic jaundice; splenomegaly; acute renal failure; thrombocytopenia; coagulopathy; hypokalemia; urinary tract infection; ventilator-dependent respiratory failure; drug rash; history of smoking; obesity; and hypertriglyceridemia.  R. 240.  Claimant underwent an abdominal laparotomy with a colostomy bag inserted.  R. 240-41.  Claimant remained in the hospital until April 23, 2009, when she was released to a rehabilitation facility.  R. 240-41.

After Claimant's surgery, Dr. Khan treated Claimant on approximately eight (8) occasions from October 19, 2009 through August 12, 2010.  R. 361-78.[2]  Dr. Khan's treatment

---

[2] As discussed in more detail below, in his decision, the ALJ mistakenly refers and cites to a July 27, 2009 treatment note from Dr. Matthew R. Albert as having been completed by Dr. Khan.  *Compare* R. 19 *with* R. 292. The ALJ

notes, although handwritten and somewhat illegible, show that Claimant requires a cane and/or a walker for ambulation, has trace edema in the lower extremities, restless leg syndrome, chronic back pain, degenerative joint disease of the lumbar spine at L5-S1, and, as of June 22, 2010, neuropathy.  R. 361, 365, 368, 370, 375, 377-78.  An April 15, 2010, magnetic resonance imaging ("MRI") showed: "Right L5-S1 foraminal to extraforaminal marginal disc space spur slightly distorts right L5 nerve root;" and "[a]dditional degenerative changes with no additional significant encroachment on central canal or neural foramen.  Posterior annual fissure at L4-L5.  <u>Severe disc degenerative changes at L5-S1</u>."  R. 371-72 (emphasis added).  From November 17, 2009 through June 22, 2010, Dr. Khan repeatedly prescribed Tylenol No. 3 for Claimant's pain.  R. 365, 370, 375.

On August 12, 2010, Dr. Khan completed an RFC opinion regarding Claimant's ability to do work-related activities.  R. 354-56.  Dr. Khan's opinion is the only medical opinion of record from a treating or examining physician.  Dr. Khan opines that Claimant is limited to: lifting/carrying less than ten (10) pounds; requiring a hand-held assistive device for ambulation; and periodically alternating between sitting and standing to relieve pain or discomfort.  R. 354-55.  Dr. Khan also opines that Claimant is limited in her ability to push or pull with her upper and lower extremities, but does not describe the nature and degree of the limitations.  With respect to the basis for his opinions, Dr. Khan states: "[Claimant] has colostomy.  Her restless leg [syndrome is] severe.  Her back pain with neuropathy.  Her continued pain in colostomy, back and legs. Has to use crutch to ambulate.  Pain on examination of back, knee, ankle, [and] colostomy area."  R. 355.

---

never discusses or cites to Dr. Khan's treatment notes from October 19, 2009 through August 12, 2010.  R. 14-22. The ALJ's mistake is critical to the outcome of this case because the ALJ gives little weight to Dr. Khan's August 12, 2010 RFC, in part, because it is not supported by Dr. Khan's treatment notes.  R. 20.

Dr. Khan further opines that Claimant can never climb, balance, kneel, crouch, crawl, or stoop; but Claimant can occasionally reach, handle, and finger; R. 355. Claimant has no visual or communicative limitations; but Claimant is limited in her ability to be exposed to temperature extremes, noise, dust, vibration, humidity, hazards, and fumes. R. 356. Dr. Khan opines that Claimant is credible and that she cannot sustain substantial gainful activity for 8 hours a day during a normal workweek. R. 356. Dr. Khan states that these limitations have existed since April 2009 and will persist indefinitely. R. 356. Thus, Dr. Khan ultimately opines that Claimant is disabled. R. 356.

With respect to Dr. Khan, the ALJ does not discuss any of Dr. Khan's treatment records after her admission to the hospital on March 31, 2009. R. 17-20. Instead, the ALJ mistakenly states:

> In August 2009, treating physician Vajihuddin Khan, M.D. found the claimant's incision to be well-healed with no hernias. Dr. Khan found the claimant's allegations of severe pain extremely out of proportion to the physical exam (Exhibit 5F, p. 2). As such, Dr. Khan had no understanding of why she had such debilitating pain, as he found no evidence of problems on prior evaluations (Exhibit 5F, p. 2). Accordingly, Dr. Khan reduced the claimant's medication (Exhibit 5F, p. 2).

R. 19. The treatment record cited above by the ALJ can be found at page 292 of the record, but it is a July 27, 2009, treatment note from Dr. Matthew R. Albert, M.D., not Dr. Khan. R. 292. While the ALJ's description of Dr. Albert's treatment note is otherwise accurate, the record does not contain any treatment note from Dr. Khan indicating that Claimant's incision is well-healed, or that her allegations of pain are out proportion to Dr. Khan's physical examinations.[3] In fact, Dr. Khan's treatment notes repeatedly reflect that Claimant suffers from chronic pain, restless

---

[3] The record contains no other treatment records from Dr. Albert.

leg syndrome, neuropathy, degenerative disc disease, and is prescribed medication for pain. R. 361, 365, 368, 370, 375, 377-78.

The ALJ discusses the April 15, 2010 MRI ordered by Dr. Khan, but the ALJ does not mention all of its findings, including that Claimant has "severe disc degenerative changes at L5-S1." *Compare* R. 19 *with* R. 372. In short, other than mistakenly attributing Dr. Albert's treatment note to Dr. Khan, the ALJ utterly fails to address Dr. Khan's treatment records. R. 17-20.

Regarding Dr. Khan's August 12, 2010 opinion, the ALJ states:

> Dr. Khan submitted an assessment of the claimant's ability to do work related activities. On a brief form, Dr. Khan stated that she has several environmental limitations, including temperature extremes, noise dust, vibrations and hazards (Exhibit 12F, p. 4). Dr. Khan opined that she would be able [sic] perform occasional reaching, handling, fingering, and feeling. Dr. Khan concluded that she would not be able to sustain work in an eight-hour day because of her complaints of severe pain. Dr. Khan's own treatment notes, however, do not support his findings; and his opinions listed in Exhibit 12F are not supported with a detailed rationale. The opinions relied too heavily on the claimant's subjective statements and are, therefore, given little weight.

R. 19-20. Thus, the ALJ gave little weight to Dr. Khan's opinions because: 1) they are not supported by Dr. Khan's treatment notes; 2) they are not supported with a detailed rationale; and 3) Dr. Khan relied too heavily on Claimant's subjective statements. R. 19-20.

The ALJ's handling of Dr. Khan's opinions requires reversal. First, without ever having discussed any of Dr. Khan's treatment records, the ALJ failed to clearly and accurately describe Dr. Khan's opinions. *Compare* R. 19-20 *with* R. 354-56. The ALJ failed to discuss Dr. Khan's opinions regarding Claimant's lifting/carrying, standing/walking, sitting, pushing/pulling, and postural limitations. *Compare* R. 19-20 *with* R. 354-355. An ALJ is required to state with particularity the weight given to *each* medical opinion and the reasons therefor. *Winschel,* 631

F.3d at 1178-79. The ALJ's failure to specifically discuss the above stated opinions makes it impossible for the Court to determine whether the ALJ actually considered them or whether the ALJ's ultimate decision is supported by substantial evidence. *Id*.

Second, the ALJ's stated reasons for giving Dr. Khan's opinions little weight are not supported by substantial evidence. Without having discussed Dr. Khan's treatment notes, the ALJ's blanket statement that they "do not support [Dr. Khan's] findings" is conclusory. R. 20. Contrary to the ALJ's finding, Dr. Khan did provide a "detailed rationale" for his opinions. *Compare* R. 20 *with* R. 355 (providing the "medical/clinical findings" supporting Dr. Khan's opinions). Finally, the ALJ failed to articulate any basis or cite to any evidence supporting his finding that Dr. Khan "relied too heavily on the claimant's subjective statements." R. 20. Thus, the ALJ failed to articulate good cause, supported by substantial evidence for giving Dr. Khan's opinions little weight.

Accordingly, the ALJ's failure to fully and accurately address all of Dr. Khan's opinions, and the ALJ's failure to articulate good cause, supported by substantial evidence for giving Dr. Khan's opinions little weight warrants reversal.[4]

### B. Non-Examining Physicians and Credibility.

Although the final decision must be reversed and remanded for the reasons set forth above, the Court will briefly address Claimant's remaining arguments.

The non-examining physicians both opined that Claimant is capable of performing a reduced range of light work, but they specifically found that Claimant would be capable of performing their stated RFC's "by one year from the date of surgery," which was March 31,

---

[4] The Commissioner's argument that the ALJ was entitled to give Dr. Khan's opinions little weight because the issue of disability is reserved for the Commissioner is rejected. Doc. No. 20 at 9. Dr. Khan's opinions are far more than a conclusory statement that the Claimant is disabled. *See* R 354-56. While the ALJ does not have to accept or adopt a treating physician's statement that a claimant is permanently disabled, such a statement by a treating physician is not substantial evidence supporting the rejection of all other opinions of a treating physician.

2009.  R. 326, 341.  Thus, the non-examining physicians' opinions strongly suggest that Claimant would not be able to work for approximately one year from the date of surgery.  R. 326, 341.  However, in his decision, the ALJ did not discuss that limitation and, instead, found that non-examining physicians opined that Claimant is capable of performing the demands of light work.  R. 20.  The case must be reversed and remanded for the reasons set forth above.  On remand, the ALJ should carefully consider all medical opinions of record, including the non-examining physicians' opinions that Claimant would not be capable of performing light work until up to one year from the date of surgery.

With respect to the ALJ's negative credibility finding, because the ALJ failed to properly evaluate Dr. Khan's opinion, the ALJ's credibility finding is necessarily not supported by substantial evidence.  *See Williams v. Astrue*, Case No. 3:10-cv-235-J-JBT, 2011 WL 721501 at *3 (M.D. Fla. Feb. 22, 2011) (finding credibility determination not supported by substantial evidence because the ALJ failed to properly evaluate consultative examiner's opinion and SSR 96-7p requires that the ALJ properly consider entire record when evaluating credibility)).

**II.    REMEDY.**

Claimant requests reversal and a remand for an award of benefits or, in the alternative, a remand for further proceedings.  Doc. No. 19 at 14.  A reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).  As set forth above, the Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  The record

appears to contain conflicting opinions regarding Claimant's condition. *Compare* R. 292 *with* R. 354-56. Based on this record, the undersigned cannot find that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. Accordingly, a remand for further proceedings is appropriate.

### III.  CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g);

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

**DONE and ORDERED** in Orlando, Florida on August 27, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel

Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Joseph L. Brinkley
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Nat'l Hearing Center
5107 Leesburg Pike
Falls Church, VA 22041